**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOE subscriber assigned IP address ) <br> 69.137.148.7, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 1:24-cv-02458-BAH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX-PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................... 1
II. FACTS ..................................................................................................................................... 2
   A. Plaintiff Has A Serious Copyright Infringement Problem............................................... 2
   B. Plaintiff Brings Its Litigation in Good Faith..................................................................... 3
III. ARGUMENT ........................................................................................................................... 4
   A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant.......................................................................................................................... 4
   B. Good Cause Exists for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena......................................................................................................................... 5
      1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement 5
      2. Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant ................................................................................ 6
      3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity ....... 7
      4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim ............................................................................................................................ 8
      5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers....................... 8
   C. Proposed Order .............................................................................................................. 10
IV. CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITITES**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) ................................... 6
*Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) ................................... 5
*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ................................................ 5, 8, 9
*BMG Music v. Doe # 4*, 2009 WL 2244108 (M.D.N.C. 2009) ....................................................... 5
*BMG Music v. Doe #4*, No. CV 1:08-135,
 2009 WL 2244108 (M.D.N.C. July 24, 2009) ............................................................................ 8
*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972,
 2018 WL 650316 (4th Cir. Feb. 1, 2018) .................................................................................. 7
*CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 555–56 (D. Md. 2012) ....................... 9
*Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886 (E.D.N.C. 2008) ..................................... 5
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) .......................................... 5
*John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) ................................... 6, 8
*Malibu Media, LLC v. Doe*, No. CV 13-365- PWG,
 2014 WL 7188822 (D. Md. Dec. 16, 2014) ......................................................................... 6, 10
*Malibu Media, LLC v. Doe*, No. CV 13-512- JKB,
 2013 WL 3732780 (D. Md. July 12, 2013) .......................................................................... 5, 10
*Malibu Media, LLC v. Doe*, No. CV 14-0252- WDQ,
 2014 WL 2879326 (D. Md. June 23, 2014) ............................................................................... 7
*Malibu Media, LLC v. Doe*, No. CV 14-0747- MJG,
 2014 WL 7190812 (D.Md. Dec. 16, 2014) ................................................................................ 8
*Malibu Media, LLC v. Doe*, No. CV 15-1710- DKC,
 2016 WL 54801 (D. Md. Jan. 5, 2016) ...................................................................................... 8
*Next Phase Distribution, Inc. v. John Does 1-27*,
 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012) .................................................................................. 8
*Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) ..................... 5, 8
*Strike 3 Holdings, LLC v. Doe*, No CV. 3: 17-1680 (CSH),
 2017 WL 5001474, (D. Conn. Nov. 1, 2017) ......................................................................... 5, 9
*Strike 3 Holdings, LLC v. Doe*, No. CV 17-2347 (TJK),
 2018 WL 385418 (D.D.C. Jan. 11, 2018) .................................................................................. 7
*UN4 Prods., Inc. v. Doe*, No. CV 17-3278-PKC-SMG,
 2017 WL 2589328 (E.D.N.Y. June 14, 2017) ........................................................................ 7, 8
*United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010) .......................................................... 9
*United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010) ......................................................... 9
*United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ..................................................... 9
*United States v. Graham*, 824 F.3d 421, 432 (4th Cir. 2016) ....................................................... 9
*United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013) ....................................................... 9
*Warner Bros. Records, Inc. v. Doe*, 2008 WL 5111883 (E.D.N.C. 2008) ................................... 5

**Statutes**

17 U.S.C. § 410(c) ........................................................................................................................ 6
17 U.S.C. § 106(1) ........................................................................................................................ 6

**Other Authorities**

Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf ............................................................................... 2

**Rules**

Fed. R. Civ. P. 26(d)(1).............................................................................................................. 1, 4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX-PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Strike 3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and Authorities in support of its *Ex-Parte* Motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference.

**I.   INTRODUCTION**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world. *See* Declaration of Jorge Arco, attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content. *See id.* at ¶ 41. VXN discovered that Defendant's IP address was illegally distributing several of Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B". This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 28. As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable Communications, LLC (Comcast Cable) so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate

service. Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[1]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II.   FACTS

### A.   Plaintiff Has A Serious Copyright Infringement Problem

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Decl. Arco at ¶ 14. Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.* at ¶ 9.

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 15. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 17–18. Moreover, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry. *Id.* at ¶ 20.

---

[1] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world. *Id.* at ¶ 21. Strike 3 is also frequently the number one seller of adult DVDs in the United States. *Id.* at ¶ 22. Finally, Strike 3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 23. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 24.

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3, and Strike 3 "can compete in the industry, but [it] cannot compete when [its] content is stolen." *Id.* at ¶ 27. To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 40.

B. <u>Plaintiff Brings Its Litigation in Good Faith</u>

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 34. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 35. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 36. Additionally, Strike 3 does not send demand letters. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they

3

choose to enjoy.  Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity.  Thus, Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs and licenses.  *Id.* at ¶ 38.  Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works.  *Id*.

### III.   ARGUMENT

#### A. <u>Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant</u>

 "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'"  *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted).  Pursuant to Fed. R. Civ. P. 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed

information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Malibu Media, LLC v. Doe*, No. CV 13-512- JKB, 2013 WL 3732780, at *1 (D. Md. July 12, 2013); *Elektra Entm't Group, Inc. v. Doe*, 2008 WL 5111886, *4 (E.D.N.C. 2008) (same); *Warner Bros. Records, Inc. v. Doe*, 2008 WL 5111883, *4 (E.D.N.C. 2008) (same); *BMG Music v. Doe # 4*, 2009 WL 2244108, *3 (M.D.N.C. 2009) (same). *See also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery.

    B. <u>Good Cause Exists for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena</u>

        *1. Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a prima facie claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 48–50.

Plaintiff owns a valid copyright in the Works, which are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c); *see also* Complaint at ¶¶ 42, 45. Plaintiff's prima facie allegations of infringement are attested to by Mr. Acro, who used Plaintiff's forensic

5

software to track and record BitTorrent activity. *See* Decl. Arco. Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted Works. *See* Declaration of Susan B. Stalzer, Exhibit "C."

Plaintiff has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff's Complaint alleges that Doe Defendant not only downloaded Plaintiff's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 38. "[I]t takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a *plausible* claim that the file was downloaded by the subscriber at that IP address." *Malibu Media, LLC v. Doe*, No. CV 13-365- PWG, 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014) (emphasis original).

  2. *Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant*

Plaintiff's Subpoena is limited and only "seeks concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address . . . ." *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012). "Plaintiffs clearly need identification of the putative John Does in order to serve process on them and prosecute their claims." *UN4 Prods., Inc. v. Doe*, No. CV 17-3278-PKC-SMG, 2017 WL 2589328, at *3 (E.D.N.Y. June 14, 2017) (citation omitted). "This information is necessary for [Plaintiff] to identify the proper defendant. The identity of the Defendant cannot be obtained from a more convenient source." *Malibu Media, LLC v. Doe*, No. CV 14-0252- WDQ, 2014 WL 2879326, at *2 (D. Md. June 23, 2014). Here too, Plaintiff's subpoena is limited to the information necessary to identify and serve Doe Defendant in accordance with the Federal Rules.

### 3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity

At this early stage in litigation, Plaintiff has a limited view into Defendant's true identity, only having access to the offending IP address. People using the Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address "know who an address is assigned to and how to get in contact with them."[2] ISPs' records "are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense."[3]

Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972, 2018 WL 650316, at *2 (4th Cir. Feb. 1, 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2347 (TJK), 2018 WL 385418, at *2 (D.D.C. Jan. 11, 2018) (finding "this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected") (citation omitted). There is simply no alternative means by which Plaintiff can identify Doe Defendant absent the present subpoena. Indeed, "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley & Sons, Inc.*, 284 F.R.D. at 190; *see also UN4 Prods.*, No. CV 17-3278-PKC-SMG, 2017 WL 2589328 at *3 ("BitTorrent's appeal to potential infringers is the large degree of anonymity it provides users."). Since Plaintiff "cannot identify [Doe Defendant] without a court-ordered

---

[2] *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.; *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

[3] Statement from Jason Weinstein, n.2, *supra*.

subpoena, . . . there is good cause to allow for early discovery." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

### 4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim

As previously emphasized, Plaintiff cannot properly serve Doe Defendant without first ascertaining the subscriber's identity from his or her ISP. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music Entm't Inc.*, 326 F. Supp. 2d at 566. Plaintiff has a strong claim, indeed, *Arista* noted that the "the fundamental copyright principles are clear." *Arista Records LLC*, 604 F.3d at 117. All that stands in the way of the Plaintiff's "potentially valid claim" is the absence of the subpoenaed-for information. *See Malibu Media, LLC v. Doe*, No. CV 15-1710- DKC, 2016 WL 54801, at *1 (D. Md. Jan. 5, 2016) (denying motion to quash subpoena); *Malibu Media, LLC v. Doe*, No. CV 14-0747- MJG, 2014 WL 7190812, at *2 (D. Md. Dec. 16, 2014)) (same); *see also BMG Music v. Doe #4*, No. CV 1:08-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding "the subpoenaed information—Doe # 4's identity—is centrally needed to advance Plaintiffs' copyright infringement claim").

### 5. Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers

The Fourth Circuit has consistently held that "it 'would not be objectively reasonable' for a defendant to expect privacy in . . . Internet subscriber records, including 'his name, email address, telephone number, and physical address.'" *United States v. Graham*, 824 F.3d 421, 432 (4th Cir. 2016) (quoting *United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010)). This jurisprudence is in line with other Circuit Courts. *See id.* (citing *United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013); *United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010); *United*

8

*States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008)); *see also Arista Records, LLC*, 604 F.3d at 124 (finding Doe Defendant's "expectation of privacy for sharing copyrighted [works] through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement").

"More specifically, courts have consistently held that Internet subscribers do not have a protected privacy interest in their subscriber information—including names, addresses, phone numbers, and e-mail address—which they have already conveyed to their ISPs." *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 555–56 (D. Md. 2012) (collecting cases). Here, Plaintiff's subpoena seeks only limited information to identify the subscriber–Doe's name and address–of which the Fourth Circuit has found Defendant has no privacy interest. "Consequently, because defendants have already shared their personal identifying information with their ISPs, they have no reasonable expectation of privacy in this same information now subpoenaed by plaintiffs." *Id.* at 556. As a result, "the Doe Defendant's First Amendment right to remain anonymous must give way to Plaintiff's right to use the judicial process to pursue its allegedly meritorious copyright infringement claim. Moreover, the Doe Defendant lacks the right under the Fourth Amendment to protect his IP address from revelation, where he has voluntarily shared such information with the Internet Service Provider. Plaintiffs will be granted leave to take early discovery to determine the identity of Defendant Doe." *Strike 3 Holdings*, No. CV 3: 17-1680 (CSH), 2017 WL 5001474, at *6.

C. Proposed Order

Previously this Court established an order with procedural safeguards to dictate the early discovery process in Internet infringement cases. *See e.g.*, *Malibu Media, LLC v. Doe*, No. CV 13-512- JKB, 2013 WL 3732780, at *1 (D. Md. July 12, 2013). "[T]he Order allowed [plaintiff] to subpoena Defendant's ISP but established a number of procedural protections for Defendant,

9

including the opportunity to move to quash the subpoena before his ISP responded, protection from disclosure of his or her identity, and a prohibition against Malibu initiating settlement communications with an unrepresented Defendant." *Malibu Media, LLC v. Doe*, No. CV 13-365-PWG, 2014 WL 7188822, at *1 (D. Md. Dec. 16, 2014). Strike 3 respectfully encourages the Court to establish such procedures here and has attached a proposed order consistent with the Court's template.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant leave to Plaintiff to issue a Rule 45 subpoena to Defendant's ISP.

Dated: 09/16/2024

                Respectfully submitted,

                By: /s/ *Jessica Fernandez*
                Jessica Fernandez, Esq. (Bar #: 30219)
                Associate In-House Counsel
                General Media Systems, LLC
                11239 Ventura Blvd
                Suite #103 Box 717
                Studio City, CA 91604
                E-mail: Jessica@Strike3Holdings.com
                Phone: 818-253-1453
                Fax: 323-872-0022

                Attorney for Plaintiff, Strike 3 Holdings, LLC