UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>JOHN DOE subscriber assigned IP address )<br>69.137.148.7, )<br>)<br>    Defendant. )<br>) | Civil Case No. 1:24-cv-02458-BAH |

**PLAINTIFF'S *EX-PARTE* APPLICATION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff"), makes this *ex-parte* application for entry of an order extending the time within which to effectuate service on John Doe Defendant, and states:

1. This is a copyright infringement case against a John Doe Defendant known to Plaintiff only by an IP address. Defendant's true identity is known by their Internet service provider ("ISP").

2. On September 16, 2024, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion for Leave") in order to serve a third-party subpoena on Defendant's ISP to obtain the Defendant's identifying information.

3. On September 20, 2024, the Court granted Plaintiff leave to serve a third-party subpoena on Defendant's ISP to obtain the Defendant's identifying information. Plaintiff issued the subpoena on or about September 26, 2024 and, in accordance with the time allowances

1

provided to both the ISP and the Defendant, expected to receive the ISP's response on or about December 9, 2024.

4. Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff is required to effectuate service on the Defendant no later than November 21, 2024.

5. Plaintiff received the ISP response and is currently conducting a further investigation to assist in determining whether the individual identified by the ISP is the appropriate defendant for this action prior to attempting to effect service of process on that individual.

6. Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended an additional sixty (60) days, and thus the deadline to effect service be extended to January 20, 2025.  This extension should provide Plaintiff time to complete its further investigation, possibly conduct a 1-hour deposition of the subscriber, and if a good faith basis continues to exist, to proceed against that individual (or someone else), to amend the Complaint, file a redacted version of the amended complaint, file a motion to be allowed to file unredacted versions of the amended complaint, summons and return of service under seal to protect defendant's potential privacy interests, and place the summons and Complaint with the process server to attempt service of process.

7. This application is made in good faith and not for the purpose of undue delay.

8. This is Plaintiff's first request for an extension.  None of the parties will be prejudiced by the granting of this extension.

WHEREFORE, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Complaint on Defendant be extended until January 20, 2025. A proposed order is attached for the Court's convenience.

Dated: November 15, 2024                    Respectfully submitted,

By:  /s/ *Jessica Fernandez*
Jessica Fernandez, Esq. (Bar #: 30219)
Associate In-House Counsel
General Media Systems, LLC
11239 Ventura Blvd
Suite #103 Box 717
Studio City, CA 91604
E-mail: Jessica@Strike3Holdings.com
Phone: 818-253-1453
Fax: 323-872-0022
*Attorney for Plaintiff, Strike 3 Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2024, a true correct copy of the above and foregoing was electronically filed with the Clerk of the Court through CM/ECF, which will send notice to the counsel of record and interested parties through this system.

By:  /s/ *Jessica Fernandez*
Jessica Fernandez, Esq.

3